UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

RECEIVED
11 SEP 22 PM 12:32
CLERK, U.S. DIST. COURT
ST. PAUL, MN

Lawrence Magen,

 Plaintiff,

v.

Acorn Media Group, Inc.,

 Defendant.

CIVIL NO.: 11cv2719 MJD/FLN

COMPLAINT

---

By his Complaint, Magen seeks declaratory relief, as set forth below, to establish that his registration and use of the domain name <acorn.tv> is not unlawful under the Anticybersquatting Consumer Protection Act, 15 U.S.C. § 1125(d).

## THE PARTIES

1. Plaintiff Magen is an individual residing at 570 West 78th Street # 2001, Chanhassen, Minnesota.

2. Defendant Acorn Media Group, Inc. (AMG) is a corporation with its principal offices at 8515 Georgia Avenue, Suite 650, Silver Spring, MD 20910.

## JURISDICTION AND VENUE

3. This Court has jurisdiction pursuant to 28 U.S.C. § 1331. The plaintiff seeks a declaration, pursuant to 15 U.S.C. § 1114(D)(v) and 28 U.S.C. § 2201, that his registration and use of the domain name <acorn.tv> is not unlawful under the Anticybersquatting Consumer Protection Act, 15 U.S.C. § 1125(d). In addition, AMG agreed to submit to the jurisdiction of this Court when it initiated an

SCANNED
SEP 2 2 2011
U.S. DISTRICT COURT ST. PAUL

administrative proceeding with the National Arbitration Forum concerning the plaintiff's right to register the domain name <acorn.tv>.

4. Venue is proper in the District of Minnesota under 28 U.S.C. §1391(b)(1) because the defendant AMG is a corporation that is deemed to reside in this District pursuant to 28 U.S.C. § 1391(c). Defendant through its catalog sales and advertising has regular and persistent contacts with the District sufficient to establish personal jurisdiction. Venue is also proper in the District of Minnesota pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to this action occurred in this District and a substantial part of the property that is the subject of this action is situated in this District. In addition, AMG agreed that venue is proper in this Court when it filed its complaint with the National Arbitration Forum concerning the plaintiff's right to register the domain name <acorn.tv>.

## FACTS

5. The Plaintiff is a businessman who sells watches.

6. During the early 2000's, Magen began to develop an idea for a creating themed original content which would be distributed over the Internet.

7. At the time, Magen was not aware of Defendant or its business.

8. In developing his business concept, Magen registered the domain name <acorn.tv>, on October 5, 2005.

9. Magen selected the name of Acorn TV for his business project in honor of his father's memory. Magen's father who used to counsel him with regard to business

had used the saying, "From small acorns, giant oak trees grow." on more than a few occasions. This saying has been printed on Magen's business cards, promotional materials and advertising since 2005.

10. In 2006, Magen organized his business as Acorn TV, LLC in the State of Delaware.

11. Magen has invested significant amounts of his own time and money in developing the business and developing programming for the business.

12. In 2010, Magen aired his first program on his website at <acorn.tv> called, "Chillin' With Larry Magen," a variety show discussing topics such as sports, classic films, and jazz.

13. From 2005 until early 2011, Magen operated his business without knowledge of AMG.

14. On or about March, 2011 an agent of AMG contacted the plaintiff and offered to purchase the registration for this domain name. The plaintiff declined AMG's offer.

15. AMG's own website includes a disclaimer that reads "Note: We are not affiliated with the Association of Community Organizations for Reform Now (ACORN). Acorn is a popular name used by many companies and organizations. We have no affiliation with any other company or organization by the same name." The disclaimer can be seen at http://www.acornmedia.com/about/about.htm.

16. On or about August 2, 2011, AMG filed an administrative complaint with the National Arbitration Forum pursuant to ICANN's Uniform Domain Name Dispute Resolution Policy (the ICANN Policy). In its Complaint, AMG claimed that the plaintiff's registration and use of <acorn.tv> violated AMG's trademark of the

words ACORNMEDIA for sales of pre-recorded DVD's and mail order catalog services.

17. By decision dated September 12, 2011, an arbitrator with the National Arbitration Forum issued a decision directing that the registration of <acorn.tv> be transferred to AMG.

18. On September 12, 2011, in accordance with the ICANN Policy, eNom.com informed the plaintiff that it would not implement the decision of the National Arbitration Forum if the plaintiff commenced a lawsuit against AMG concerning the registration of the domain name <acorn.tv> within 10 business days of the September 12, 2011 decision.

## COUNT I
### (Declaration Under Anticybersquatting Consumer Protection Act)

12. The plaintiff realleges and incorporates by reference herein paragraphs 1-11 above.

13. In registering and using the domain name <acorn.tv>, the Plaintiff did not have a bad faith intent, as provided in 15 U.S.C. § 1125(d)(1)(A)(i), to profit from AMG's trademark of the words ACORNMEDIA for sales of prerecorded DVDs and mail order catalog services.

14. The domain name <acorn.tv> is not identical, confusingly similar to, or dilutive, as provided in 15 U.S.C. § 1125(d)(1)(A)(ii), of AMG's trademark of the words ACORNMEDIA for prerecorded DVD's or catalog sales.

15. The plaintiff believed and had reasonable grounds to believe that his registration and use of the domain name <acorn.tv> was a fair use or otherwise lawful use, as provided in 15 U.S.C. § 1125(d)(1)(B)(ii).

16. As required by 15 U.S.C. § 1114(2)(D)(v), the plaintiff has given notice to AMG of the plaintiff's intent to file an action to establish that the plaintiff's registration and use of the domain name <acorn.tv> is not unlawful under the Anticybersquatting Consumer Protection Act.

## COUNT II

### (Declaratory Judgment)

17. The plaintiff realleges and incorporates by reference herein paragraphs 1-16 above.

18. A dispute exists between the plaintiff and AMG concerning the plaintiff's right to register and use the domain name <acorn.tv> As a consequence of this dispute, an actual and justiciable controversy exists between the plaintiff and AMG.

WHEREFORE, the plaintiff requests that the Court enter judgment:

a. Declaring that the plaintiff's registration and use of the domain name <acorn.tv> is not unlawful under the Anticybersquatting Consumer Protection Act, 15 U.S.C. §1125(d);

b. Declaring that the plaintiff is not required to transfer the registration for the domain name <acorn.tv> to AMG;

c. Declaring that Plaintiff's claims are barred by the doctrine of laches;

d. Awarding plaintiff his costs and attorney's fees; and

e. Providing all such other and further relief as the Court deems just and proper.

## Request for Jury Trial

Plaintiff requests a jury trial on all issues triable by a jury.

                                                    Respectfully submitted,

Dated: September 22, 2011          By: s/   Paul Godfread
                                                  Paul Godfread (#389316)
                                                  **GODFREAD LAW FIRM, P.C.**
                                                  100 South Fifth Street
                                                  Suite 1900
                                                  Minneapolis, MN 55402
                                                  Telephone:  (612) 284-7325

                                                  **ATTORNEY FOR PLAINTIFF**
                                                  **LAWRENCE MAGEN**